**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JONATHAN KNOTTS,<br><br>      Plaintiff - Appellant,<br><br>   v.<br><br>RAY CARREIRA, a Santa Clara Police Officer; STEVEN ERNST, a Santa Clara Police Officer; JOHN DOES, Santa Clara Police Officers, the identities and exact number of whom unknown to plaintiff at this time; CITY OF SANTA CLARA,<br><br>      Defendants - Appellees. | No. 11-16870<br><br>D.C. No. 5:09-cv-04851-JF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted March 14, 2013[**]
San Francisco, California

Before: WALLACE, McKEOWN, and IKUTA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jonathan Knotts appeals from the district court's summary judgment on his claims under 42 U.S.C. § 1983 and California law arising out of the search of his vehicle and his arrest for possessing an illegal weapon. The district court concluded that qualified and state statutory immunities protected the police officers and the City of Santa Clara. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I.    Claims under § 1983

Qualified immunity must be decided "as a matter of law when the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts." *Conner v. Heiman*, 672 F.3d 1126, 1130-31 (9th Cir. 2012) (internal quotation marks and citations omitted). The question is "whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991) (per curiam).

The material, historical facts of Knotts's encounter with police are not in dispute; because the parties are familiar with the facts, we do not repeat them here. Under the totality of the circumstances, a reasonable officer could have believed Knotts's consent to the search was valid. The officers therefore are entitled to

qualified immunity with regard to the search. *See Burrell v. McIlroy*, 464 F.3d 853, 859 (9th Cir. 2006) (concluding detectives were entitled to qualified immunity where reasonable officer would not have been on notice that consent obtained was involuntary).

The manifold that officers discovered in the course of searching Knotts's vehicle closely resembled a billy club, an illegal weapon under California law. Cal. Penal Code § 12020 (repealed 2012); *see also* Cal. Penal Code § 22210. The officers understandably believed it was likely an illegal weapon, particularly in the context of the threat they were investigating. Before arresting him, the officers did not act unreasonably in declining to verify Knotts's explanation that the manifold was an example of his work as a machinist. "Once probable cause to arrest someone is established . . . a law enforcement officer is not required by the Constitution to investigate independently" a suspect's asserted defenses. *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (internal quotation marks and citation omitted). Because the officers reasonably believed they had probable cause to arrest Knotts for possessing an illegal weapon, they are entitled to qualified immunity.

The City of Santa Clara may be held liable only if it "has adopted an illegal or unconstitutional policy or custom" that resulted in a violation of Knotts's

constitutional rights. *Robinson v. Solano Cnty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (en banc) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Because Knotts did not argue or show that the City has any such policy or custom, we affirm summary judgment in favor of the City on the § 1983 claim.

## II.     Claims under California law

Knotts brought common law claims for false imprisonment, intentional infliction of emotional distress, negligence, and assault and battery, and brought a claim under California Civil Code § 52.1 ("Bane Act").  The officers and the City assert various state statutory immunities.  Summary judgment on the state claims is proper "where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Ogborn v. City of Lancaster*, 124 Cal. Rptr. 2d 238, 243 (Ct. App. 2002) (citing Cal. Code Civ. Proc. § 437c(c)). Because the officers, "at the time of the arrest, had reasonable cause to believe the arrest was lawful," they are immune from liability for false imprisonment and from Bane Act liability premised on false arrest and imprisonment.  Cal. Penal Code § 847(b)(1).  The officers are immune from liability for the remaining common law claims because they exercised due care in the search and arrest, which were reasonable acts of law enforcement.  Cal. Gov't Code § 820.4.  Under California

law, the City shares the immunity of the police officers. *Id.* § 815.2(b); *see also*

*Robinson*, 278 F.3d at 1016.

**AFFIRMED.**